**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

LEALON MULDROW,                                                              PLAINTIFF
REG. #06344-031

v.                                          2:15CV00203-JLH-JTK

BUREAU OF PRISONS, et al.                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District

1

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.      Introduction

Plaintiff Muldrow is a federal inmate incarcerated at the Sandstone Federal Correctional Institution (FCI), Minnesota.  He filed this action pursuant to the Federal Tort Claims Act (FTCA) and Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), based on an incident which occurred on August 2, 2015 while he was incarcerated at the FCI, Forrest City, Arkansas (Doc. No. 2).[1]  Defendant Bureau of Prisons was dismissed on March 25, 2016 (Doc. No. 25), and Defendant Lam and the Bivens claim were dismissed on May 25, 2016 (Doc. No. 39).

Pending before the Court is Defendant United States of America's (USA) Motion for Summary Judgment, Brief in Support, and Statement of Facts (Doc. Nos. 54-56).  Plaintiff filed a Response and Statement of Disputed Facts (Doc. Nos. 64-65).

### II.      Amended Complaint

Plaintiff alleged that he was awakened about 3:45 a.m. on August 2, 2015, by smoke in his

---

[1]Muldrow subsequently amended his Complaint (Doc. No. 13).

cell, caused by a fire which was set by two inmates in a cell about six cells away from him. (Doc. No. 13, pp. 4-5) The smoke made it difficult for Plaintiff to breathe, but Plaintiff used his asthma inhaler to aid his breathing. (Id., p. 4) Although the sprinklers in the ceiling of the Unit were activated, Plaintiff and other inmates were not evacuated, thus subjecting Plaintiff to dangerous and inhumane conditions of confinement. (Id.) The cell doors were opened at approximately 6:00 a.m., but the inmates were not permitted to leave the Unit for breakfast until the water was cleaned up off the floors. (Id., p. 5) Later that same day as Plaintiff performed his ordinary cardio work-out, he experienced shortness of breath. (Id.) He was examined by a medical professional on August 4, 2015, where he underwent a lung x-ray, breathing evaluation, and was issued an inhaler. (Id.)

Plaintiff further alleged that prison officials knew that he and other inmates suffered from asthma, and were negligent by failing to evacuate him from the cell when it filled with smoke. He seeks damages for gross negligence.

## III.    Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth

specific facts showing that there is a genuine issue for trial.'" Id. at 1135 (quoting FED.R.CIV.P. 56(e), and Celotex, 477 U.S. at 324).  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Webb, 144 F.3d at 1135.

Defendant asks the Court to dismiss Plaintiff's FTCA claim against it, because he cannot show that the applicable standard of care was breached, that damages were sustained, and that the actions of Defendant's employees proximately caused any injuries. Barriga v. Arkansas & Missouri R.R. Co., 79 Ark.App. 358, 87 S.W.3d 808 (2002).  Specifically, Defendant notes that the institution evacuation policy does not require evacuation of an entire unit for any fire, but rather, evacuation of inmates in the area affected by a fire, and that officers who reported to the fire did not find sufficient smoke to require evacuation of the entire Unit. (Doc. Nos. 55-3, 55-4, 55-5) According to the Declarations of Officers Austin Willis and Phung Lam, they responded to the radio call about smoke in the C-2 Unit and observed some smoke in the area of cell 221 (the place of the fire), but there was not enough smoke to require evacuation of the entire Unit. (Doc. No. 55-3, p. 2; Doc. No. 55-4, p.2) In addition, Operations Lt. John Elam stated in a Declaration that the Fire Contingency Plan does not require evacuation of an entire Unit. (Doc. No. 55-5, pp. 2-3)  In this case, the two inmates in the cell in which the fire occurred were evacuated, and two inmates in the cell next to them were taken to the  Unit's television Room. (Id.) Plaintiff Muldrow was housed in cell 232, and at no time did the duress light on Plaintiff's cell light up during the incident, to indicate distress. (Id., p. 3)

Defendant also presents copies of Plaintiff's medical records in support of it's contention that

Plaintiff failed to suffer any harm. (Doc. No. 55-6, pp. 6-30) According to Dr. Te Cora Ballom, the Acting Clinical Director for FCI, Forrest City, Plaintiff reported to medical on August 4, 2015 with complaints that the August 2, 2015 fire had "messed with my chest and breathing." (Doc. No. 55-6, p. 2) The examination noted Plaintiff was not suffering shortness of breath or respiratory distress at that point, and his lung exam was normal and vitals were stable. (Id.) He was issued an Albuterol inhaler. (Id.) Plaintiff also underwent a 14-day evaluation on August 6, 2015, since he recently had transferred to Forrest City, where it was noted that he had a history of asthma but had not been taking medication since January 2015. (Id.) He stated the August 2, 2015 fire triggered his asthma and asked that his medication be renewed. (Id.) During the exam he again exhibited no shortness of breath, wheezing or chest pain, and his blood pressure was within normal limits. (Id., p. 3) Muldrow also was seen on September 2, 2015, for complaints of back pain but did not complain of a respiratory issue at that time. (Id.) Between that date and his transfer to another institution on December 2, 2015, Plaintiff was not seen at the health services for any issue. (Id.) In addition, when he underwent a 14-day evaluation at FCI Pollock, Louisiana, on January 5, 2016, he had no chest pain, shortness of breath, or headache, and his blood pressure was within normal limits. (Id.) And, when he was seen for a pulmonary/respiratory chronic care clinic on July 1, 2016, he denied any symptoms. (Id.) Based on these records and the Declaration of Dr. Ballom, Defendant states that there is no medical record evidence that Plaintiff suffered anything more than mild irritation as a result of the August 2, 2015 fire. (Id.)

In Response, Plaintiff states that Defendant's employees were negligent when they failed to comply with the FCI Forrest City evacuation plan, which provides that "all areas in which a fire is reported, except the Special Housing Unit, will be evacuated regardless of the size of the fire."

(Doc. No. 64, p. 2) Based on this Plan, Plaintiff states that the entire C-2 Unit should have been evacuated, and that the smoke from the fire (and the water from the sprinkler system) affected the entire Unit.  He also states that the reason he did not activate his duress button at the time of the fire was because he was sleeping on the top bunk and struggled to breathe and to find his inhaler.  (Id.) He claims that the August 4, 2015 breathing test produced a peak flow of 250, 300, which was low, and that the test administered to him on August 6, 2015, produced a peak flow of 400, 450, which was normal.  (Id., p. 6)  Plaintiff claims because FCI officials were aware of his asthma, it was reasonably foreseeable that a fire in his Unit would cause him harm.  Therefore, Defendant should be liable for the negligent failure to abide by the evacuation plan.

Defendant United States is liable under the FTCA only to the extent that a private entity under like circumstances would be liable to Plaintiff in accordance with the substantive law of the state where the negligent act occurred.  28 U.S.C. § 1346(b)(1); see also United States v. Olson, 546 U.S. 43, 44 (2005), and Barnes v. United States, 448 F.3d 1065, 1066 (8th Cir. 2006).  In Arkansas, a prima facie case of negligence is established if the plaintiff can show the defendant breached a standard of care owed to him, and that defendant's actions were the proximate cause of damages suffered by the plaintiff.  Barriga v. Arkansas and Missouri R. Co., 79 Ark. App. 358, 360-61, 87 S.W.3d 808, 810 (2002).  "'Proximate cause' is defined, for negligence purposes, as that which in a natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred.  Proximate causation is usually an issue for the jury...; [it] becomes a question of law only if reasonable minds could not differ."  Barriga, 79 Ark. App. at 361, 87 S.W.3d at 810 (citations omitted.)

In this case, Plaintiff does not provide any evidence that the officers responding to the smoke in the Unit acted in a negligent manner by not evacuating the entire Unit.  The evidence presented by Defendant is that the fire was small and contained to the cell in which it occurred, that the inmates in the cell were evacuated, and the inmates in the adjoining cell were moved to the Unit's television room. (Doc No. 55-1, pp 10-11, 13; Doc. No. 55-2, pp. 4-12) According to the FCI Fire Procedures Contingency Plan, if evacuation of the unit is deemed necessary, the Operations Lieutenant will designate a temporary holding area for the inmates. (Doc. No.  55-1, p. 24) The Operations Lieutenant, John Elam, stated in his declaration that there was not enough smoke created by the fire to require evacuation of the entire C-2 Unit, and that the Plan does not require evacuation of the entire Unit, but the inmates in areas affected by a fire.  (Doc. No. 55-5, p.2) In addition, the Evacuation Plan lay-out shows at least five-six cells between Plaintiff's cell and the cell in which the fire occurred.  (Doc. No. 55-1, p. 44)  Although Plaintiff claims that he encountered problems with breathing, he admitted that he used his inhaler, which helped him, and he did not complain about breathing issues until the next day after he exercised.  (Doc. No. 64, p.3 ) In addition, the medical records do not support his claim of injury, and after he received a new inhaler on August 6, 2015, he did not complain further about breathing issues. (Doc. No. 55-6, pp. 6-30)   He also provides no statements from other inmates or other evidence to support his contention that the smoke in his area required complete evacuation of his Unit.

Therefore, the Court finds as a matter of law that Plaintiff provides no evidence to support his claim that Defendant's employees breached a standard of care, that Plaintiff suffered injuries, and that the actions of the employees were a proximate cause of those injuries.

**IV.      Conclusion**

IT IS, THEREFORE, RECOMMENDED that Defendant's Motion for Summary Judgment

(Doc. No. 54) be GRANTED, and Plaintiff's Complaint against Defendant be DISMISSED with

prejudice.

IT IS SO RECOMMENDED this 17th day of February, 2017.

_____
        JEROME T. KEARNEY
        UNITED STATES MAGISTRATE JUDGE