**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

LEALON MUDROW,  PLAINTIFF
REG. #06344-031

v.  No. 2:15CV00203-JLH-JTK

BUREAU OF PRISONS, et al.  DEFENDANTS

## ORDER

The Court has received proposed findings and recommendations from United States Magistrate Judge Jerome T. Kearney. After a review of those proposed findings and recommendations, and the timely objections received thereto, as well as a *de novo* review of the record, the Court adopts them in part with the following comments.

Muldrow was an inmate at FCI Forrest City when a fire occurred eleven cells down from his cell on August 2, 2015. Muldrow has filed suit under the Federal Tort Claims Act, contending that the officers at the facility were negligent for failing to evacuate the entire unit, including him, and that as a result his asthma condition flared up. The defendants have moved for summary judgment.

Judge Kearney has recommended that the defendants' motion for summary judgment be granted. He first finds that the officers were not negligent because the fire was small and was contained to the cell in which it occurred so evacuation of the entire unit was not necessary. He also points out that although Muldrow contends that he encountered problems with breathing, he admitted that he used his inhaler, which helped, and that the medical records do not support Muldrow's claim of injury.

Muldrow has presented some evidence that the fire affected other cells in the unit. First, he says that all of the cells are connected by one heating and cooling system, so smoke from one cell travels through the ventilation system to every other cell on the unit. Second, he says that the entire

unit was flooded. Third, he points out that, according to John Elam, the videos show that several cell windows lit up during the course of the incident, which is an indication that other inmates were affected by the smoke and turned on their alarm lights.

Elam's outline of the events based upon surveillance videos shows that a flashing light alarm was activated at 4:17 a.m. An officer did not enter the unit until 5:27 a.m., more than an hour later. The fire occurred in cell 221. An officer went to cells 221 and 222 at 5:40 a.m. The officer did not go to cell 223 until 6:15 a.m. Cell 221 was opened at 10:10 a.m., and the inmates were removed at 11:10 a.m. Cell 232, in which Muldrow was housed, was not checked until 1:06:12 p.m. Document #55-5 at 3. This sequence of events indicates that the response to the fire alarm was exceedingly slow. Some evidence supports Muldrow's claim that the officers were negligent.

In Arkansas, however, the plaintiff also has the burden of proving that he sustained damages. *See* AMI 203 (Civil: 2017). Muldrow was seen by a doctor on August 4, 2015. Although the doctor found no shortness of breath or respiratory distress, Muldrow says that his peak flow readings of 250-300 were below normal. *See* Documents #55-6 at 6-7. The medical care provider prescribed an Albuterol inhaler on that same day. *Id*. Two days later, Muldrow was again evaluated and reported no symptoms, no shortness of breath, no wheezing, no chest pain. *Id*. at 11. His peak flow readings that day were 400, 450, and 400. *Id*. Although Muldrow speculates that the incident of breathing smoke may have caused him permanent injury, no medical records support such a claim. So far as the records show, Muldrow's asthma is controlled after the incident with the use of Albuterol, which is provided to him without charge by the Bureau of Prisons. Muldrow does not claim that he has incurred any medical expense or lost income. His only claim, beyond a short-term incident of shortness of breath, is the concern that his lungs may have been permanently affected

which, as noted above, is purely speculative. "There is no medical record evidence indicating that this inmate suffered anything more than a mild irritation as a result of the August 2, 2015 fire in the C-1/C-2 unit at FCI Forrest City." Document #55-6 at 3. Accordingly,

IT IS, THEREFORE, ORDERED that defendants' motion for summary judgment is GRANTED (Document #54), and plaintiff's complaint against defendants is DISMISSED with prejudice.

An appropriate Judgment shall accompany this Order.

IT IS SO ORDERED this 30th day of March, 2017.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE